IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARCUS T. GAY, SR.     PLAINTIFF

v.     Civil No. 4:16-cv-04034

TROOPER STEVEN ROBERTS et al.     DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Service.  ECF No. 1.  The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  ECF No. 3.  The Court now recommends Plaintiff's Motion for Service be **DENIED**, and Plaintiff's case be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

In the present action, Plaintiff is attacking an arrest, search, and conviction in Hempstead County, Arkansas.  ECF No. 1.  Plaintiff is suing an Arkansas State Trooper, the Hempstead County Deputy Prosecuting Attorney, and two judges who presumably presided over his case.  Based upon the information presented to the Court, Plaintiff's conviction is still valid, and it has not been reversed on appeal.  *See* ECF No. 1.

It is well-settled law that "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . a [42 U.S.C.] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a

writ of habeas corpus. . . . ." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  In this case, there has been no demonstration Plaintiff's conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Accordingly, because Plaintiff has not made a showing which is clearly required for relief in this action, the Court recommends Plaintiff's case be **DISMISSED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of April 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE